

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Jones v. Domalakes

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4795

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jones v. Domalakes" (2006). *2006 Decisions.* Paper 1781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4795
_____

BARRY JONES,
                                        Appellant

v.

L. DOMALAKES; J. DUDEK

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02496)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
DECEMBER 16, 2005

Before: MCKEE, FUENTES AND NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed January 6, 2006)

_____

OPINION

_____

PER CURIAM

    Appellant Barry Jones, a state prisoner proceeding <u>pro</u> <u>se</u>, appeals the order of the

United States District Court for the Middle District of Pennsylvania dismissing his

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons that follow, we will

vacate the District Court's order of dismissal and remand.

Jones, who is incarcerated at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the District Court in November 2004. In his complaint, Jones alleged that the defendants, both of whom are librarians at SCI-Frackville, violated his constitutional rights by denying him meaningful access to the courts and retaliating against him for filing institutional grievances. By order entered on December 2, 2004, the District Court sua sponte dismissed Jones' complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). The District Court did not address Jones' retaliation claim, instead focusing solely on his allegations of inadequate access to the courts. Jones timely appealed. Jones then filed in the District Court on December 29, 2004, a motion pursuant to Federal Rule of Civil Procedure 60(b) in which he argued that the District Court improperly dismissed his complaint without first providing him an opportunity to amend. Jones attached an amended complaint to his Rule 60(b) motion. Jones' motion remains pending in the District Court.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal of a complaint pursuant to § 1915(e)(2)(B)(ii) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We must accept as true the factual allegations in Jones' complaint and all reasonable inferences that can be drawn therefrom. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We will affirm the District Court's order

2

dismissing Jones' complaint only if it appears that he could prove no set of facts that would entitle him to relief.  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

"[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to [] dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (stating that the District Courts should "expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time").  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  Alston, 363 F.3d at 236.

We address first Jones' claim that the defendants denied him meaningful access to the courts by: (1) limiting the amount of time he was allowed to use the prison law library; (2) discarding legal research materials; and (3) not providing Saturday mail service.  The District Court found that Jones failed to state a claim because he did not allege an actual injury.  See Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that a claimant seeking damages for the denial of access to the courts must "demonstrate that the alleged" deprivation of legal materials "hindered his efforts to pursue a legal claim").  Jones, however, specifically alleged in the District Court that the defendants' actions resulted in the denial of his appeal in Pennsylvania post-conviction relief proceedings.

3

Jones attached to his complaint the first page of the Pennsylvania Superior Court's opinion in his appeal from the denial of his petition for post-conviction relief. Although it appears that the Superior Court may have addressed Jones' arguments on the merits, the docket clearly indicates that Jones' brief was untimely filed. Furthermore, Jones specified several dates on which he requested, but was arbitrarily denied, access to the prison law library. Because these allegations are minimally sufficient to state an access to the courts claim, the District Court should have, at the least, allowed Jones an opportunity to amend prior to dismissing his complaint pursuant to § 1915(e)(2)(B)(ii). Alston, 363 F.3d at 235-36; see also Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997) (holding that Lewis merely requires a claimant to show that the deprivation led to an actual injury "such as the loss or rejection of a legal claim"); Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998) (concluding that to succeed, the underlying claim need not have been successful).

We turn next to Jones' allegation that the defendants retaliated against him for filing institutional grievances. As it stands, Jones' complaint fails to state a claim of retaliation. See Rauser v. Horn, 214 F.3d 330, 333 (3d Cir. 2001). However, the District Court did not give Jones an opportunity to amend his complaint, or otherwise determine that any amendment would be inequitable or futile. Without expressing any opinion as to the ultimate merits of a possible amendment, we do not believe that an amendment would be inequitable or clearly futile. Accordingly, the District Court erred in dismissing this

4

claim.

For the foregoing reasons, we will vacate the District Court's December 2, 2004, order and remand the matter to the District Court with instructions to grant Jones leave to amend his complaint. The motion to correct or modify the record is denied.